State Savings Loan and Trust Company

*v.*

State of Illinois.

*Opinion filed December 11, 1916.*

1. INHERITANCE TAX—*claimant to recover under section 10 of the inheritance tax law must appeal.* In this claim a tax was fixed by the County Judge, and the same paid; later it was discovered that a mistake had been made in fixing the tax but no appeal was taken. *Held,* that a refund could not be made.

2. PRACTICE—*claimant not precluded.* Since an error was made in fixing the tax, the court holds that claimant may submit this matter to the Legislature.

Herman H. Brown, for Claimant.

P. J. Lucey, Attorney General, for State.

Claimant, as administrator of the estate of Mary A. Gardner, deceased, paid to the County Treasurer of Adams County on July 3, 1913, $756.90, same being the amount of inheritance tax found to be due by the inheritance tax appraiser. It subsequently developed that an error had been made by the inheritance tax appraiser in that he found the value of 131 shares of certain stock to be $170.00 per share, or $22,-270.00, whereas in his report he set such value down as $32,270.00, in consequence of which the tax as levied was $100.00 more than should have been levied. The report of the appraiser was approved by the County Judge. No appeal was taken from this order to the County Court, and in consequence the order of the County Judge remains a final order.

In the case of *Pattison and Harding* v. *The State,* 2 Ct. of Cl. R. 349, a somewhat similar state of facts was presented, but in that case an appeal had been taken from the order of the County Judge to the County Court, and the County Court found that the previous order was erroneous and entered an order finding that the tax should have been a smaller amount than found by the County Judge. In that case this Court made an award to claimant. But, it will be observed in that case, the executors followed the remedy provided by statute and took an appeal. In the case before us, this was not done, and the administrator is in effect asking of us that we act as a court of review. True, there is no question but that the error in this case may be deemed one of fact, for which, ordinarily, there may be a recovery in a proper forum. But this Court cannot make an award in this case because the administrator has not followed the remedy provided by statute.

While we are satisfied that this error was made, it is not within our power to make an award under the state of facts in this case. Pos-

sibly the administrator may obtain relief by application to the Legislature, and we will not bar any such action in this case by rejecting the claim.

It is the judgment of this Court that this claim be rejected without prejudice so that the administrator, if it cares to, may present same to the Legislature for its consideration.